UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WILLIE WEATHERLY | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-83 |
| | ) | |
| JOHN MOORE | ) | |
| | ) | |

## **MEMORANDUM OPINION**

This *pro se* plaintiff's complaint is before this Court on the defendant's motion to dismiss. [Doc. 5]. The plaintiff has not filed a response, despite having requested and having been granted a twenty (20) day extension of time within which to respond to the motion. The Court notes initially that, pursuant to Local Rule 7.2, the plaintiff's failure to respond, in and of itself, is sufficient grounds for the dismissal of plaintiff's complaint. Nevertheless, the Court will address the merits of the defendant's motion to dismiss. For the plaintiff's failure to respond and for the reasons which follow, the defendant's motion is **GRANTED**. [Doc. 5].

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the

complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle him to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867 (1990). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Pro se pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, pro se plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097, 1104 (6th Cir.

1995).

The plaintiff here filed a detailed complaint nominally asserting causes of action for age discrimination, slander, and a violation of the Equal Pay Act. The plaintiff alleges that he was hired by the defendant, d/b/a Plantboy Landscape Management, on June 30, 2003. At the time he was hired he was 48 years of age. The plaintiff alleges that he was laid-off during the winter of 2003 due to the seasonal nature of the work, but was called upon to do snow removal work during some portion of the winter period. The plaintiff further alleges that he was recalled to work in February 2004 and laid off again in October 2004. Rather than calling the plaintiff back to work in the Spring of 2005, the plaintiff alleges that the defendant told him he had a "good smooth crew going" and decided not to call the plaintiff back to work. Plaintiff states that he feels he was not recalled back to work because of his age and that he was the oldest employee at the time. Plaintiff further alleges that slanderous statements were made by the defendant following the plaintiff's claims of discrimination to the Tennessee Human Rights Commission and the EEOC. Finally, the plaintiff alleges that the defendant has violated the Equal Pay Act because employees who had less seniority than he were receiving higher rates of pay.

From the attachments to his complaint, it would appear that the

plaintiff filed a charge of discrimination in the fall of 2005 with the Tennessee Human Rights Commission. In a letter dated December 6, 2005, the plaintiff requested that his charge be forwarded to the EEOC. The EEOC issued a dismissal and notice of rights letter dated January 25, 2006, indicating that the EEOC was closing its file because "the respondent employs less than the required number of employees or is not otherwise covered by the statutes."

Defendant has moved to dismiss the plaintiff's age discrimination claim based upon the EEOC's filing that the defendant is not subject to the Age Discrimination In Employment Act, (ADEA) 29 *U.S.C.* § 623, and for further reason that the plaintiff's allegations do not support a *prima facie* case for age discrimination. Certainly the plaintiff has not alleged any facts in his complaint rebutting the observation of the EEOC that the defendant is not subject to the Act. Given the *pro se* status of the plaintiff, however, dismissal on this basis alone might seem harsh. Nevertheless, it is clear from the allegations of the plaintiff's complaint and documents attached to his complaint that the plaintiff has failed to set forth a *prima facie* case of age discrimination.

In order to set forth a *prima facie* case of age discrimination, the plaintiff must establish that "(1) he was a member of a protected class; (2) he was discharged; (3) he was qualified for the position; and (4) he was replaced by a

younger person." *Wilkins v. Eaton Corp.*, 790 F. 2d 515, 520 (6th Cir. 1986). The plaintiff has failed to allege that he was replaced by a younger person, but merely states that he feels that he was not recalled due to his age. Further, the allegations in the plaintiff's complaint suggest anything but age discrimination. Plaintiff alleges that when he was hired he was within the protected class, and until the Spring of 2005, the defendant continued to call him back to work along with the other employees. As stated above, plaintiff does not allege that he was replaced by a younger worker. He simply alleges that, of the workers recalled, two were younger than he. Therefore, the Court agrees with the defendant that the plaintiff has failed to set forth a *prima facie* case of age discrimination and his ADEA claim must be dismissed.

Even more clearly, the plaintiff has failed to set forth any basis for an Equal Pay Act claim. The Equal Pay Act of the Fair Labor Standards Act (Equal Pay Act), prohibits employers from paying a different wage to employees for equal work when the wage differential is based solely upon the employee's sex. 29 U.S.C. § 206(d). The plaintiff makes no allegations that he was paid a different wage because he was a male and other employees were female. Rather, the plaintiff only complains about the defendant's policy on pay raises, which he apparently claims were not applied to give him appropriate credit for his seniority.

Therefore, it is clear that the plaintiff has failed to set forth a claim for violation of the Equal Pay Act, and this claim likewise must be dismissed.

Given the Court's ruling on the defendant's claims under the ADEA and Equal Pay Act, this Court does not have jurisdiction over the plaintiff's slander claim, as the plaintiff has made no allegation of an independent basis for this Court's jurisdiction. Therefore, the plaintiff's slander claim will be dismissed as well.

SO ORDERED.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE